FILED

2009 JUL 24 PM 2:58

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY

**ROBERT MANN**, CSB 48293
**DONALD W. COOK**, CSB 116666
ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
(213) 252-9444; (213) 252-0091 facsimile

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DERRIS HURTH, an individual,<br>Plaintiff,<br>vs.<br>COUNTY OF LOS ANGELES, a local governmental entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; and DOES 1 through 10, inclusive,<br>Defendants. | No. CV09-5423 RSWL PJWx<br>**COMPLAINT FOR DAMAGES**<br>(1) 42 U.S.C. § 1983<br>(2) Cal. Civ. Code § 52.1<br>DEMAND FOR JURY TRIAL |

**JURISDICTION AND VENUE**

1.The claims herein are asserted pursuant to the United States Constitution and 42 U.S.C. § 1983, *et seq.*, and the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367(a).

2. The acts complained of arose in this District, and therefore venue lies in this District pursuant to 28 U.S.C. § 1391.

///

## PARTIES

3. Plaintiff Derris Hurth, an individual, is and was at all times relevant hereto, a resident of the County of Los Angeles.

4. Defendant County of Los Angeles ("County") is a local governmental entity organized and existing under the laws of the State of California. Defendant Los Angeles County Sheriff's Department ("LASD") is an agency of defendant County. All actions of the LASD are the legal responsibility of the County under the laws of the State of California.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will give notice of their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that defendants DOES 1 through 10 are responsible in some manner for the damages and injuries hereinafter complained of.

6. Plaintiff is informed and believes and thereupon alleges that at all times relevant herein the DOE defendants, and each of them, were the agents, servants and employees of the other defendants. At all times herein, defendants, and each of them, were acting under the color of state law.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Defendants County and LASD are alleged to have maintained or permitted an official policy or custom or practice causing or permitting the occurrence of the types of wrongs set forth herein below knowingly, with gross negligence, or with deliberate indifference and, based on the principles set forth in *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978), and *City of Canton v. Harris*, 489 U.S. 378 (1989), are liable for all injuries sustained by any plaintiff as set forth herein below. The wrongful

acts complained of were pursuant to a custom, policy and/or practice of defendants County and LASD.

8. On or about May 31, 2008, Plaintiff was stopped by LASD deputies, in the vicinity of 107th Street and Vermont in Los Angeles County. The stop was without reasonable suspicion. Thereafter, the deputies arrested plaintiff without probable cause.

9. During the course of the unlawful detention and arrest, a male deputy reached into Plaintiff's pants and searched on and in Plaintiff's buttocks. The deputy inserted one or more fingers on and into Plaintiff's anus, causing Plaintiff physical and emotional injuries. The deputies then transported Plaintiff under arrest without probable cause, to the Lennox station where Plaintiff was wrongfully held in custody. There, deputies subjected Plaintiff to a visual body cavity search, without reasonable suspicion or probable cause. A few hours later Plaintiff was released on bond. No charges were ever filed against Plaintiff.

**FIRST CAUSE OF ACTION -- 42 U.S.C. § 1983**

**(Against all Defendants)**

10. Plaintiff's detention, arrest and the searches of his body cavities violated his rights, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, thereby entitling plaintiff to sue for damages under 42 U.S.C. § 1983.

11. As a direct and proximate cause of the aforementioned acts, plaintiff was injured, entitled to recover general and special damages in amount according to proof.

**SECOND CAUSE OF ACTION -- CAL. CIV. CODE § 52.1**

**(Against Defendants County and LASD Only)**

12. In detaining and arresting Plaintiff, and in subjecting Plaintiff to body cavity searches as described above, one or more LASD deputies used intimidation and/or coercion in the course of violating Plaintiff's rights as protected under the federal and

state constitutions, and under state law.

13. As a direct and proximate cause of the aforementioned acts, plaintiff was injured, entitled to recover general and special damages in amount according to proof. Plaintiff is also entitled to recover statutory damages as allowed by Cal. Civ. Code § 52.1(b).

14. Pursuant to Cal. Gov't Code § 910, plaintiff timely filed with the defendant County a claim for damages. That claim has been denied and this lawsuit is commenced within six months of that denial.

**PRAYER FOR RELIEF**

15. Wherefore, plaintiff seeks judgment as follows:

16. Compensatory general and special damages in an amount according to proof;

17. Statutory damages as allowed by state law;

18. As against the individual defendants only, punitive damages;

19. Attorneys fees and costs under 42 U.S.C. § 1988 and state law.

20. The costs of this suit and such other relief as the Court finds just and proper.

DATED: July 24, 2009

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiff

By________________________________
Donald W. Cook

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED: July 24, 2009

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiff

By_____
Donald W. Cook